STATE OF MAINE
Androscoggin, ss.

SUPERIOR COURT
Civil Action
Docket No. Cv-01-35

COMBINED MANAGEMENT, INC.,

     Plaintiff

  v.

WORLD WIDE PERSONNEL
SERVICES OF MAINE, INC.,

     Defendant

**DECISION AND ORDER**

RECEIVED & FILED

JUN 0 6 2002

ANDROSCOGGIN
SUPERIOR COURT

DONALD L. GARBRECHT
LAW LIBRARY

JUN 20 2002

The parties are direct competitors in the business of leasing or renting employees to client companies.

The rental costs of their employment services are determined by a combination of payroll, payroll taxes, workers' compensation insurance, benefits and administrative costs of the leasing company. If a company can lessen its costs in one area it can reduce its rates to gain an advantage over competitors.

In this case, the plaintiff alleges that the defendant has violated the Maine Deceptive Trade Practices Act by obtaining workers' compensation insurance that does not meet the requirements of Maine Law. As a result, the plaintiff says that the costs for the nonconforming insurance are lower than defendant would have to pay for a conforming policy resulting in the defendant being able to rent out its employees at the lesser rate

The defendant claims that its policy is in conformance with Maine Law.

In order to establish a claim under the Deceptive Trade Practices Act in this case, 10 M.R.S.A. § 1211, *et seq.*, the plaintiff must demonstrate that defendant World Wide failed to obtain workers' compensation insurance and that it did not comply with the requirements of Maine Law and that World Wide represented to

clients and potential clients that it did, in fact, have appropriate insurance. Under the circumstances of this case, a party engages in a deceptive trade practice when, in the course of his business he

> **B.** Causes likelihood of confusion or misunderstanding as to . . . certification of goods or services;
>
> . . . .
>
> **E.** Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have, or that a person has a sponsorship, approval status . . . that he does not have;
>
> . . . .
>
> **G.** Represents that goods or services are of a particular standard, quality or grade . . . if they are of another;
>
> . . . .
>
> **I.** Advertises goods or services with intent not to sell them as advertised;
>
> . . . .
>
> **K.** Makes false or misleading statements of fact concerning the reasons for price reductions; or
>
> **L.** Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

10 M.R.S.A. § 1212(1).

The defendant asserts that there is a valid dispute as to material facts that is sufficient to defeat summary judgment; that is, whether or not defendant's policy does not comply with Maine Law.

In a review of the Statement of Material Facts (SMF) and relevant pleadings, the court finds that the following facts are admitted or if denied, the denial is not in conformity with the applicable rules and the court deems them as admitted.

> 1. Employee leasing companies such as the parties here are required to have workers' compensation insurance that complies with Maine Law;

2

2. Defendant World Wide has solicited business since June 30, 2000, by representing that it maintains proper insurance;

3. World Wide has supplied certificates to clients that it maintains adequate insurance; and

4. At all times since June 30, 2000, defendant has acquired insurance through Coile & Associates of Daphne, Alabama.

The plaintiff further states that Coile obtains the insurance through an unexecuted contract with Staffing Alliance, Inc., and that neither Coile nor Staffing Alliance, Inc. is licensed to do business in Maine. (Pl. SMF ¶¶ 11 and 16). The affidavit relied upon by plaintiff refers to Staffing Alliance, Inc. and Titan Financial Services, LLC, both of Daphne, Alabama. Although all of the relevant parties, for purposes of insurance are alleged to be based in the same city - Daphne, Georgia, there is nothing in the statement of material facts to draw any relationship between Coile & Associates and Titan Financial.

The plaintiff's statement of undisputed material facts does not specifically allege that defendant's workers' compensation policy was either illegal or did not conform to the requirements of Maine Law; however, this is an inference that would reasonably be drawn if their agent is not licensed to sell insurance in Maine. The record shows that Staffing Alliance is not licensed but is silent as to Coile. As a result, there is a dispute, at least on this point, that is sufficient to defeat summary judgment.

The clerk will make the following entry as the Order of the court:

Plaintiff's Motion for Summary Judgment is denied.

So Ordered.

DATED: June 5, 2002

_____
Justice, Superior Court

3

Date Filed __March 8, 2001__ ___ANDROSCOGGIN___ Docket No. ___CV-01-35___

County

Action __DECEPTIVE TRADE PRACTICES___

COMBINED MANAGEMENT, INC.
Auburn, Maine

WORLD WIDE PERSONNEL SERVICES OF MAINE, INC
Auburn, Maine

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Ralph A. Dyer, Esq.        BAR #861<br>LAW OFFICES OF RALPH A. DYER, P.A.<br>477 Congress St., Suite 1010<br>Portland, ME 04101 | Robert L. Guillory, Esq. (4-12-01) BAR #2259<br>SHANKMAN & ASSOCIATES<br>11 Lisbon St.,<br>Lewiston, ME. 04240 |

| Date of<br>Entry | |
|---|---|
| 2001<br>March 21: | Received 3-8-01.<br>Filing fee paid. ($100.00) Rec. #3-8-01 #9<br>Summary Sheet, filed.<br>Complaint, filed. |
| " " | On 3-21-01.<br>Case File Notice, mailed. |
| March 27: | Received 3-27-01.<br>Plaintiff's Notification of Discovery Service, filed.<br>Plaintiff's First Request for Production of Documents Propounded Upon Defendant<br>World Wide Personnel Services of Maine, Inc. served on Robert Guillory on<br>March 26, 2001. |
| April 12: | Received 4-12-01.<br>Defendant's Answer, filed.<br>Robert L. Guillory, Esq. appears on behalf of Defendant. |
| " " | Acceptance of Service of Summons and Complaint filed showing acceptance on<br>4-9-01 by Robert L. Guillory, Esq. on behalf of Defendant. |
| April 18 | Received 04-18-01:<br>Scheduling Order filed. (Delahanty, J.)<br>     "Scheduling Order filed. **Discovery deadline is December 18, 2001."**<br>Copies mailed to Ralph Dyer, Esq. and Robert Guillory, Esq. on 04-18-01. |
| April 26: | Received 4-26-01.<br>Plaintiff's Notification of Discovery Service, filed.<br>Plaintiff's First Request for Admissions Propounded on Defendant World Wide<br>Personnel Services of Maine, Inc.; and Plaintiff's First Set of Interrogatori<br>Propounded on World Wide Personnel Services of Maine, Inc. served on Robert<br>Guillory, Esq. on April 25, 2001. |
| May 22: | Received 5-22-01.<br>Affidavit of Robert Murch, filed. |